UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, JANE DOE-1, a law enforcement officer, JANE DOE-2, a law enforcement officer, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN<br><br>   PLAINTIFFS,<br><br>vs.<br><br>DELVEPOINT, LLC, RICHARD ROES 1-10; fictitious names of unknown individuals and and ABC COMPANIES 1--0, fictitious names of unknown entities,<br><br>   DEFENDANTS. | Civil Action No. 24-cv-04096-CCC-ESK<br><br>**MOTION TO DISMISS** |

## DEFENDANT DELVEPOINT, LCC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P 12(b)(6)

Defendant Delvepoint, LLC, ("Delvepoint") by and through its undersigned counsel, moves this Honorable Court pursuant to Fed R. Civ. P 12(b)(6) to dismiss the Complaint made by Plaintiff Atlas Data Privacy Corporation ("Atlas") against Delvepoint because the absence of a verification mechanism in the statute makes Daniel's Law an unconstitutional abridgement of commercial free speech rights and a violation of Delvepoint's due process rights.

1.     On February 24, 2024, Atlas, as an assignee of alleged covered persons under "Daniel's Law", filed a complaint and summons in the Superior Court of New Jersey, Morris County, which is attached hereto as **Exhibit A**[1].

2.     The crux of Atlas' complaint is that Delvepoint violated Daniels Law, codified in N.J.S.A 56:8:-166.1.

3.     Daniel's Law was passed in response to the fatal and tragic shooting of Daniel Anderl, the son of a federal judge whose home address was accessed via the internet.

4.     Under Daniel's Law, New Jersey courts may find civil liability against a person, business, or association that discloses "on the internet or otherwise make available" the home address or telephone number of any "covered person".

5.     Daniel's Law further states that businesses, upon a written request by an authorized person seeking to prohibit disclosure of such information of a covered person, have ten (10) business days to remove such information.

6.     A covered person under Daniel's Law is, in part, an active or retired judicial officer, law enforcement officer, child protective investigator, or prosecutor, as well as "any immediate family member residing in the same household" as the person above.

7.     Atlas alleges that on or about January 1, 2023, approximately 16, 257 covered persons, through Atlas, transmitted a written notice to Delvepoint requesting Delvepoint to cease disclosure of their home address and/or unpublished telephone number, and further that Delvepoint refused to do so. *See* **Exhibit A**, Complaint, ¶ 59-61.

---

[1] Exhibit A is attached to the affirmation of Robert J. Cosgrove in Support of Defendant Delvepoint LLC's 12(b)(6) Motion to Dismiss, filed on March 25, 2024

8. The named plaintiffs are allegedly active or retired New Jersey police officers who have experienced threats to themselves or their families by way of third-party access to protected information.

9. The notifications given to Delvepoint and referenced in the complaint do not include any information that establishes that the alleged covered persons are, in fact, covered persons. All the notifications state are:

*To Whom it May Concern,*

*I am a "Covered Person" as defined by New Jersey law P.L. 2023, c.113, P.L.2021, c.371 (as amended, the "Act). Pursuant to the Act and Section 3 of New Jersey P.L .2015, c.226 (C.56:8-166.1) (as amended), I hereby request that you not disclose or re-disclose on the Internet or otherwise make available, the following protected information:*

*Name:*

*Phone:*

*Sincerely,*
*[Name of Covered Person]*

10. The complaint further alleges Delvepoint is an entity that discloses or re-discloses on the internet or otherwise makes available the home addresses and unpublished home telephone numbers of covered persons. *See* **Exhibit A** Complaint at ¶ 37.

11. On March 22, 2024, Delvepoint filed a Notice for Removal to this Honorable Court and filed a copy of such notice with the Clerk of the Superior Court, District of New Jersey, Morris County to effect removal pursuant to 28 U.S.C.A. § 1446(d).

12. As more fully explained in the accompanying Memorandum of Law, Delvepoint submits that, while motivated by good and proper intentions, Daniel's Law, as applied to

Delvepoint, is an unconstitutional infringement on Delvepoint's commercial free speech and due process rights.

13. Specifically, Delvepoint's alleged collection and dissemination of the identifying information is clearly "speech" within the meaning of the First Amendment. *Sorrell v. IMS Health Inc.*, 564 U.S. 552, 570 (2011); ); *see also Bartnicki v. Vopper*, 532 U.S. 514, 527, (2001).

14. While Delvepoint does not dispute New Jersey's substantial interested in protecting information of "covered persons", Daniel's Law nonetheless operates to restrain the way in which Delvepoint may disseminate said identifying information, thereby making the restraint a depravation of Delvepoint's First Amendment rights.

15. For commercial speech, the Court will see if the statute as written is "not more restrictive than is necessary". *Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of New York*, 447 U.S. 557, 563 (1980).

15. Under the Fourteenth Amendment, a state may not deprive a person of life, liberty, or property without due process of law, including free speech. U.S. Const. amend. XIV; *See also Am. Future Sys., Inc. v. Pennsylvania State Univ.,* 688 F.2d 907, 915 (3d Cir. 1982).

16. Therefore, when free speech, including commercial speech, is restricted by statute, the deprived party retains its right to be afforded due process. *See The Bd. of Regents of State Colleges v. Roth,* 408 U.S. 564, 570 (1972).

17. Here, the home addresses and phone numbers of "covered persons" disclosed by Delvepoint is commercial speech afforded protection under the First Amendment.

18. Delvepoint explicitly acknowledges that there is no question that the State of New Jersey has a substantial interest in protecting its present and former judges, prosecutors, law

enforcement officers, child protection investigators, and their immediate family members from the sort of harm and tragedy experienced by Judge Anderl and her son, Daniel.

19. Delvepoint also does not dispute that Daniel's Law advances New Jersey's interest in providing protection by allowing "covered persons" as defined in the statute to request a business to remove otherwise lawfully obtained data and information -- specifically a covered person's home address and unpublished home telephone number, from the internet or where otherwise available.

20. However, Daniel's Law, as currently written, is "more extensive than necessary" to serve New Jersey's interest because it allows for any person, through any means, to request removal of their information without any form of verification mechanism.

21. Additionally, Daniel's Law as written deprives Delvepoint of its due process rights because it restricts commercial speech without providing Delvepoint with a verification mechanism by which to comply with the statute prior to civil penalties being exacted against it.

WHEREFORE, Delvepoint respectfully requests that this Court grant its motion to dismiss the Complaint in its entirety and grant such other, further and different relief as this Court deems just and proper.

Dated: Springfield, NJ
       March 25, 2024

                                                Respectfully Submitted,

                                                WADE CLARK MULCAHY LLP

                                                */s/ Robert J. Cosgrove*

                                                _____

By: Robert J. Cosgrove, Esq.
Attorneys for Defendant Delvepoint, LLC
955 South Springfield Avenue, Suite 100
Springfield, NJ 07081
267.665.0743
WCM No.: 827.16116