UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, JANE DOE-1, a law enforcement officer, JANE DOE-2, a law enforcement officer, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN<br><br>    PLAINTIFFS,<br><br>vs.<br><br>DELVEPOINT, LLC, RICHARD ROES 1-10; fictitious names of unknown individuals and and ABC COMPANIES 1--0, fictitious names of unknown entities,<br><br>    DEFENDANTS. | Civil Action No. 24-cv-04096-CCC-ESK<br><br>**SUPPLEMENTAL NOTICE OF CONSTITUTIONAL QUESTION OF NEW JERSEY STATE STATUTE** |

**SUPPLEMENTAL NOTICE OF CONSTITUTIONAL QUESTION**

Pursuant to Rule 5.1(a) of the Federal Rules of Civil Procedure, as well as Order Concerning Notice and Certification issued by the Honorable Judge Havery Bartle III on May 9, 2024, Defendant DELVEPOINT, LLC ("Delvepoint"), by and through counsel, respectfully files this Supplemental Notice of Constitutional Question with the Court and renews the March 28, 2024 notice previously provided to the Attorney General of New Jersey (the "Attorney General"). In support thereof Delvepoint avers as follows:

    1.    On March 22, 2024, Delvepoint filed a Notice for Removal to this Honorable Court and filed a copy of such notice with the Clerk of the Superior Court, District of New Jersey, Morris County to effect removal pursuant to 28 U.S.C.A. § 1446(d).

2. Delvepoint filed its Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and Memorandum of Law in Support, on March 25, 2024.

3. On March 28, 2024, Delvepoint filed a Notice of Constitutional Question.

4. By certified letter dated March 28, 2024, and pursuant to Rule 5.1(a)(B), Delvepoint provided the Attorney General with a copy of its Motion to Dismiss in this action and notified him that the Motion questions the constitutionality of a state statute. A true and accurate copy of that notice is attached hereto as **Exhibit A.**

5. In that letter, Delvepoint communicated that it was serving a copy of the Motion to Dismiss the Attorney General, along with a copy of the Notice. In this manner, Delvepoint complied with Rule 5.1(a)(B)'s requirements that the Attorney General be notified that a state statute was being challenged in this action and that neither the State, one of its agencies, nor one of its officers or employees had been named as a Party.

5. Delvepoint believes that the March 28, 2024, letter satisfies its obligations under Rule 5.1(a)(B) and (a)(2). However, Delvepoint files this instant Notice to clarify that, through its Motion to Dismiss, Delvepoint is challenging the constitutionality of New Jersey Statute § 56:8-166.1 Internet disclosure of certain information relating to covered persons; civil liability, better known as "Daniel's Law" because while motivated by proper intentions, it an infringement on Delvepoint's commercial free speech and due process rights.

6. Moreover, Delvepoint explicitly acknowledges that there is no question that the State of New Jersey has a substantial interest in protecting its present and former judges, prosecutors, law enforcement officers, child protection investigators, and their immediate family members from the sort of harm and tragedy experienced by Judge Anderl and her son Daniel. However, Daniel's Law as currently written is more extensive than necessary to serve New Jersey's

interest because it allows for any person, through any means, to request removal of information without any form of verification. Further, without a verification process, the statute as written effectively violated Delvepoint's due process rights, as Delvepoint cannot ensure that the protected speech being removed is on behalf of a "covered person" before being subjected to civil penalties. While Delvepoint acknowledges the importance of protecting covered persons under Daniel's Law, the statue as written fails to achieve New Jersey's interests while remaining unduly burdensome.

7. In further compliance with Rule 5.1(a)(B) and the May 9, 2024 order from the Honorable Judge Bartle III, Delvepoint will serve the Attorney General with a copy of this renewed Notice via certified mail.

Dated: Springfield, NJ
May 14, 2024

Respectfully Submitted,

WADE CLARK MULCAHY LLP

*/s/ Robert J. Cosgrove*

_____

By: Robert J. Cosgrove, Esq.
Attorneys for Defendant Delvepoint, LLC
955 South Springfield Avenue, Suite 100
Springfield, NJ 07081
267.665.0743
WCM No.: 827.16116