UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, JANE DOE-1, a law enforcement officer, JANE DOE-2, a law enforcement officer, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN<br><br>   PLAINTIFFS,<br><br>vs.<br><br>DELVEPOINT, LLC, RICHARD ROES 1-10; fictitious names of unknown individuals and and ABC COMPANIES 1--0, fictitious names of unknown entities,<br><br>   DEFENDANTS. | Civil Action No. 24-cv-04096-CCC-ESK |

## MEMORANDUM OF LAW IN REPLY TO PLAINTIFFS OPPOSITION AND IN FURTHER SUPPORT OF DELVEPOINT, LLC'S MOTION

On the Brief:

WADE CLARK MULCAHY, LLP
Robert J. Cosgrove, Esq.
Attorneys for Defendant Delvepoint, LLC
955 South Springfield Avenue, Suite 100
Springfield, NJ 07081
267.665.0743
WCM No.: 827.16116

# TABLE OF CONTENTS

**Preliminary Statement**..................................................................................................................4

**Argument**......................................................................................................................................4

   Atlas's Brief Fails to Address Procedural Due Process Issues
Created by Daniel's Law. ............................................................................................................5

     Atlas's Brief Incorrectly Asserts that Delvepoint has Not Identified Less Restrictive
Means. .........................................................................................................................................7

**Conclusion** ...................................................................................................................................8

## TABLE OF AUTHORITIES

**Supreme Court Cases**

*Bartnicki v. Vopper,* 532 U.S. 514, 527, (2001) ................................................................................4

*Lorillard Tobacco Co. v. Reilly*, 533 U.S. 525, 556 (2001) ..............................................................7

**Federal Cases**

*Alvin v. Suzuki,* 227 F.3d 107, 110 (3d Cir.2000) .............................................................................5

*Greater Philadelphia Chamber of Com. v. City of Philadelphia*,
    949 F.3d 116, 140 (3rd Cir. 2020) ............................................................................................7

*Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006) .......................................................5

**Statutes**

N.J.S.A 56:8-166.1................................................................................................................................4

N.J.S.A. 47:1A-1.1................................................................................................................................4

**Constitutional Provisions**

U.S. Const. amend. XIV ...................................................................................................................4,5

U.S Const. amend. I ..........................................................................................................................4,5

## PRELIMINARY STATEMENT

Delvepoint, LLC ("Delvepoint") respectfully submits this individual reply brief in further support of its stand-alone motion to dismiss and in response to Plaintiffs Atlas Data Privacy Corporation *et al.* ("Atlas") opposition brief. For the reasons set forth in more detail in Delvepoint's memorandum of law in support of its motion to dismiss on facial constitutional grounds and in opposition to Atlas's brief, Delvepoint maintains that the instant action must be dismissed because "Daniel's Law", as codified in N.J.S.A. 47:1A-1.1 and 56:8:-166.1, is an unconstitutional restriction of Delvepoint's commercial free speech and due process rights guaranteed under the First Amendment and applied to the states under the Fourteenth Amendment.

Delvepoint submits this reply brief to bring to this Court's attention to how Alas has failed to address the arguments set forth in Delvepoint's original brief.

## ARGUMENT

In its opposition, Atlas maintains that the data protected by Daniel's Law is not "speech" within the protection of the First Amendment, or alternatively, is speech that is subject to intermediate scrutiny for commercial speech purposes.

Atlas incorrectly claims that the sort of information protected by Daniel's Law is not 'speech' as contemplated by the Constitution because the information is not "expressive" or "communicative". *See* Atlas Brief at 8. As stated in Delvepoint's original brief, the Supreme Court has previously held that the very act of disclosing and publishing information is expressive content warranting constitutional free speech protections. *See Bartnicki v. Vopper,* 532 U.S. 514, 527, (2001).

Atlas ultimately appears to agree the information protected by Daniel's Law is "speech", as by its own admission "data "disclosures" regulated by Daniel's Law qualify as commercial

speech […]". *See* Atlas Brief at 25. Yet even with this admission, Atlas has failed to fully address Delvepoint's position that, as a regulation of commercial speech, Daniel's Law as written violates fundamental notions of due process as it does not provide any sort of verification mechanism to ensure compliance with the law. Moreover, Atlas in its brief has not adequately articulated as to why the adoption of a verification mechanism would not be a less restrictive means that guarantees the protection of covered persons while avoiding undue restrictions on Delvepoint's commercial free speech rights.

    I.    **Atlas's Brief Fails to Address Procedural Due Process Issues Created by Daniel's Law**.

It is well-established that statutes that impact a liberty interest are protected by the Fourteenth Amendment, and therefore must be given, at minimum, procedures that provide due process of law. *See Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006), U.S. Const. amend. XIV. Free speech, specifically commercial free speech, is one of these liberty interests. *Id,* U.S. Const. amend. I. It is the duty of a deprived party to take advantage of its due process protections "unless those processes are unavailable or patently inadequate". *Alvin v. Suzuki,* 227 F.3d 107, 110 (3d Cir.2000). Here, Daniel's Law, through N.J.S.A 56:8-166.1, subjects data resellers like Delvepoint to civil penalties of up to $1,000 per violation, along with punitive damages and reasonable attorney's fees and litigation costs, should it continue to "disclose" certain protected information of a covered person more than ten business days after receiving a written request for removal.

Daniel's Law, by its very nature and regardless of its noble intent, deprives Delvepoint of its liberty interest by limiting its commercial free speech rights. Atlas's brief completely fails to address these concerns regarding the lack of due process for recipients of written notices of removal by covered persons. Instead, Atlas takes the position that "[…] whether the statute

contains a verification requirement does not alter the scope of its coverage or the amount of speech it restricts." Atlas Brief at 32. Atlas believes that because only covered persons could prevail on a Daniel's Law claim, such concerns over a lack of verification mechanism are based on a "desire to escape liability for [Delvepoint's] acts" *Id.* at 33. Neither point addresses procedural due process, specifically the fact that the burden is on Delvepoint to confirm someone is a covered person. Such a process could take longer than the ten-day time frame provided by the statute and is otherwise impermissible burden shifting.

      As Delvepoint has always stated in its brief, it does not dispute the substantial government interest in protecting information of covered persons or that such covered persons are entitled to request removal despite impacting Delvepoint's commercial speech rights. While it is true that only "authorized persons" may legally make a written request for removal of information, Daniel's Law does not address the reality that data companies like Delvepoint must sift through and individually verify the identity of every single sender who claims to be covered by Daniel's Law. As was the case with Delvepoint, this could mean addressing tens of thousands of requests in a ten-day timeframe.

      Furthermore, the letters sent by covered persons through Altas's service provide no proof of identity and instead expect Delvepoint to take the drafter at his or her word that they qualify as a covered person entitled to all protections and rights under the statute. This could result in the removal of information of persons who are not in fact protected by Daniel's Law. Therefore, without a more substantial verification mechanism, Delvepoint's commercial free speech has been restricted because of a violation of Delvepoint's due process rights because Delvepoint cannot ensure, under the law as currently written, that the protected speech being removed is in fact on behalf of a "Covered Person".

## II. Atlas's Brief Incorrectly Asserts that Delvepoint has Not Identified Less Restrictive Means.

Under an intermediate scrutiny test for restrictions on commercial speech, the Supreme Court has held that the law must still not be "more extensive than necessary" to achieve the legislature's significant interest. *See Greater Philadelphia Chamber of Com* 949 F.3d at 140; *See also: Lorillard Tobacco Co. v. Reilly*, 533 U.S. 525, 556 (2001). In its initial brief and as reiterated above, Delvepoint has set forth that a verification mechanism would be less restrictive regarding commercial free speech rights because it would guarantee that only covered persons, and not all those claiming to be covered persons, would receive the benefit of having their information removed from services like Delvepoint.

Atlas asserts that such a mechanism "would do nothing to narrow the scope" of the statute's restriction of free speech because individuals who are not covered persons are not entitled to the protections afforded by Daniel's Law. Atlas Brief at 37. Atlas has ignored the fact that while Delvepoint, upon receipt of a written notice, does not need to remove the information of a non-covered person, the burden remains completely on Delvepoint and other like-data providers to verify the identity of the author in a very narrow and limited timeframe. Requesting that the author send some form of identification along with a request for removal would make both the verification and removal process more efficient and ensure that any mandated restriction in its dissemination of information actually serves New Jersey's interest in protecting verified and specific covered persons.

**CONCLUSION**

For the reasons set forth in Delvepoint's memorandum of law in support of its motion to dismiss and above, Delvepoint respectfully requests that this Honorable Court dismiss the complaint and declare that the absence of a verification mechanism in the statute makes Daniel's Law an unconstitutional abridgement of commercial free speech rights and a violation of Delvepoint's due process rights.

Dated: Springfield, NJ
September 12, 2024

Respectfully submitted,

WADE CLARK MULCAHY LLP
*/s/ Robert J. Cosgrove*

_____

By: Robert J. Cosgrove, Esq.
Attorneys for Defendant Delvepoint, LLC
955 South Springfield Avenue, Suite 100
Springfield, NJ 07081
267.665.0743
WCM No.: 827.16116