ROBERT J. COSGROVE, ESQ.
rcosgrove@wcmlaw.com (E-Mail)
Attorney ID # 005222005
Wade Clark Mulcahy LLP
955 South Springfield Avenue, Suite 100
Springfield, New Jersey 07081
(973) 258-1700
Our File No.: 827.16116                           *Attorneys for Defendant Delvepoint, LLC*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, JANE DOE-1, a law enforcement officer, JANE DOE-2, a law enforcement officer, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN :<br><br>PLAINTIFFS,<br><br>vs.<br><br>DELVEPOINT, LLC, RICHARD ROES 1-10; fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>DEFENDANTS. | Civil Action No. 1:24-cv-04096-HB |

**DELVEPOINT LLC'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF THE CONSOLIDATED MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(2)**

Page 1 of 11

## INTRODUCTION

Delvepoint lacks connections with New Jersey supporting personal jurisdiction. Delvepoint is an internet-based company, incorporated and headquartered in Florida. Delvepoint does not maintain an office in New Jersey, is not registered to do business in New Jersey, and does not specifically target New Jersey with advertisements. Delvepoint does not manage nor maintain an email box in New Jersey, to which any of the alleged takedown requests could have been sent. Any alleged failure on the part of Delvepoint to comply with takedown requests, while expressly denied, did not occur in New Jersey. *See* John A. (Tony) Del Vecchio's Affidavit in Support, attached hereto as **Exhibit A**. The only connection with New Jersey pleaded by Atlas is that the takedown requests were sent from New Jersey to Delvepoint. Therefore, Delvepoint submits that the Court must dismiss the Complaint.

## BACKGROUND

On February 7, 2024, Plaintiffs Atlas Data Privacy Corporation ("Atlas"), as a purported assignee of approximately 16,257 individuals who are allegedly covered persons under Daniel's Law ("Assignors"), and multiple individual plaintiffs ("Individual Plaintiffs") commenced this action against Delvepoint and fictitious unknown individuals and entities. The Complaint[1] alleges that Delvepoint "engage[s] in the disclosure of data or information through… Delvepoint.com." Compl. ¶ 39. Plaintiffs allege that, although the Assignors and Individual Plaintiffs transmitted notice in writing to Delvepoint, and Delvepoint was obligated under Daniel's law to Comply with these requests within ten business days, Delvepoint has not ceased the disclosure or redisclosure on the internet or the otherwise making available of the protected information. Compl. ¶¶ 58–64.

---

[1] Delvepoint's Complaint features slight variation in numeration from the complaint referenced in the Consolidated Motion. References to the "Complaint" in this supplement are to that filed against Delvepoint.

Notably, the Complaint does not take up Delvepoint's place of incorporation nor its headquarters. Further, the Complaint does allege that Delvepoint has contacts with New Jersey other than to say that Delvepoint "engages in the disclosure of data and information through one or more websites or applications, or otherwise in New Jersey, and to businesses and individuals who operate in New Jersey." Compl. ¶ 39.

## LEGAL STANDARD

This supplement will rely upon the statement of the legal standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(2) as articulated in the Consolidated Motion to Dismiss.

## ARGUMENT

Plaintiffs do not allege facts supporting either general jurisdiction or specific jurisdiction. The Plaintiffs argue merely that "the *parties* reside and/or conduct business in New Jersey, along with the Covered Persons" [emphasis added]. Compl. ¶ 43. They add that "the unlawful actions complained of occurred in New Jersey. Compl. ¶ 44. As for the first basis for jurisdiction, this must fail as Atlas pleads no conducting of business in New Jersey besides offering the universally accessible website Delvepoint.com. Compl. ¶ 39. As for the second basis for jurisdiction, this must fail as the only actions complained of on the part of Delvepoint occurred if anywhere in Florida, where Delvepoint allegedly received the takedown notices via its email box and could proceed to comply with them. *See* **Exhibit A**.

**I.    Delvepoint Is Not Subject to General Personal Jurisdiction in New Jersey.**

Delvepoint is not subject to general personal jurisdiction in New Jersey because its relationship with New Jersey is not the corporation's "equivalent" of that of a New Jersey domiciliary: Delvepoint is not incorporated nor has its principal place of business in New Jersey.

*See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Indeed, Delvepoint does not maintain any offices in New Jersey. *See* **Exhibit A**.

Neither is Delvepoint subject to general personal jurisdiction on the basis that its affiliations with New Jersey are "so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Delvepoint is not even "essentially" at home in New Jersey. The non-resident's affiliations with the forum must be "of such a nature as to justify suit on causes of action arising from dealings entirely distinct from those activities." *Daimler*, 571 U.S. at 138 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945)). However, affiliations in the form of a "systematic course of business" do not render a corporation subject to general personal jurisdiction in each state wherein that course unfolds. "General jurisdiction … calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide [such that a] corporation that operates in many places can scarcely be deemed at home in all of them." *Daimler* 571 U.S. at 139 n. 20. Herein, delvepoint.com is accessible from anywhere in the country. Offering this website nationwide does not render Delvepoint "essentially at home" in any state, including New Jersey.

The Complaint does not allege facts to support that Delvepoint's relationship with New Jersey is the corporate equivalent of that of a New Jersey domiciliary, but merely asserts that "the parties reside and/or conduct business in New Jersey." Compl. ¶ 33. Clearly, the Complaint does not allege that *Delvepoint* "resides" in New Jersey, nor that New Jersey is Delvepoint's place of incorporation or principal place of business. Further, the Complaint does not allege facts to support that Delvepoint is even "essentially at home" in New Jersey but merely asserts that it "offer[s] and engage[s] in the disclosure of data and information through one or more websites or applications, or otherwise in New Jersey, and to business or individuals who operate in New Jersey." Compl. ¶

39. Thus, the Complaint does not allege affiliations with New Jersey besides offering the universally accessible website delvepoint.com, affiliations that cannot be deemed "systematic and continuous" under an "appraisal of a corporation's activities in their entirety, nationwide and worldwide." *Daimler*, 571 U.S. at 139 n. 20.

    **II.**    **Delvepoint is Not Subject to Specific Personal Jurisdiction in New Jersey.**

This supplement will rely upon the statement of the three-prong test for specific personal jurisdiction articulated in the Consolidated Motion to Dismiss for Lack of Personal Jurisdiction, which cites *Hasson v. FullStory, Inc.*, 114 F.4th 181, 186 (3d Cir. 2024).

    **A.**    **Delvepoint Has Not Purposefully Availed Itself of New Jersey.**

The exercise of specific personal jurisdiction over Delvepoint would first require a showing of "'minimum contacts' with the forum such that it 'purposefully avail[ed] itself of the privilege of conducting activities within the forum' and 'invoke[ed] the benefits and protections of [the forum's] laws.'" *Hasson v. FullStory, Inc.*, 114 F.4th 181, 186 (3d Cir. 2024) (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 451 (3d Cir. 2003)). The Third Circuit has held that "the mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world [as] there must be evidence that the defendant 'purposefully availed' itself of conducting activity in the forum state, by directly targeting its web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003). For example, in *M.H. on behalf of C.H. v. Omegle.com LLC*, the court considered whether New Jersey had specific jurisdiction over an LLC registered in Oregon and having its principal place of business in Washington which offered a universally accessible website to connect users to other users by video. No. 20-cv-11294, 2021 WL 1050234 at *2 (D.N.J. Mar. 19, 2021). Discussing the

requirement of "purposeful direction" to support specific jurisdiction, the *Omegle.com* Court concluded that "basic awareness that residents of a specific forum use a website is insufficient; the facts must demonstrate that the website *targeted* those users." *Id*.

Herein, Delvepoint offers the universally accessible website Delvepoint.com through which Delvepoint resells data including phone numbers and property and business locations. *See* **Exhibit A**. Delvepoint, like the website in *M.H. on behalf of C.H. v. Omegle.com LLC*, merely connects users from across the country to information located on servers across the country. Specifically, Delvepoint does not target New Jersey to obtain the data it resells, as this data remains located around the country on the servers of the entities with whom Delvepoint contracts for the ability to resell. *Id*. Delvepoint does not target New Jersey to resell the data to which it connects clients, as clients may access Delvepoint's website from anywhere in the country. *Id*. The data to which Delvepoint connects its clients is that of individuals from all fifty states. *Id*. Further, Delvepoint has not specifically advertised the services of its website to New Jersey residents. *Id*. *See Rickman v. BMW of N. Am. LLC*, 538 F. Supp. 3d 429, 439 (D.N.J. 2021) ("[G]eneral efforts to target a U.S. market do not suffice to demonstrate deliberate targeting of New Jersey in particular.") Finally, the Complaint does not allege that Delvepoint has *any* "other related contacts" besides its internet presence across the country that could evidence purposeful availment. *Toys "R" Us, Inc.*, 318 F.3d at 454. Thus, Delvepoint has not purposefully availed itself of New Jersey.

### B.   Plaintiffs' Claims Do Not Arise out of nor Relate to Any Minimum Contacts with New Jersey that Could Be Attributed to Delvepoint.

The exercise of specific jurisdiction over Delvepoint would require, in addition to a showing of minimum contacts based on purposeful availment, also a showing that the Plaintiffs' claims "arise out of or relate to at least some of those contacts, evidencing a strong relationship among the defendant, the forum, and the litigation." *Hasson* 114 F.4th at 186 (internal quotations

omitted). "The first half of that standard asks about causation ... the back half ... contemplates that some relationships will support jurisdiction without a causal showing." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 362 (2021). "The degree of relatedness required in a given case is inversely proportional to the overall intensity of the defendant's forum contacts." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 320 (3d Cir. 2007).

However, a "'website's accessibility' in the forum does not "establish the strong connection between the forum and the litigation that Due Process requires, especially given the unique 'doctrinal questions' that 'internet transactions' raise." *Hasson,* 114 F.4th at 194 (*citing Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 366 n. 4 (2021)). For example, in *Hasson v. FullStory, Inc.*, the court considered whether the claim against a defendant offering an internet-based food ordering service accessible across the country "arose out of or related to" the defendant's contacts with the forum. 114 F.4th 181, 193 (3d Cir. 2024). The *Hasson* Court analogized the universally accessible website of the defendant to a vehicles "sold, advertised, and serviced" across the country, and concluded that, due to the failure of the complaint to allege that the defendant had acted to "promote the website in" the forum, the complaint did not demonstrate a "strong relationship" between the forum and the defendant. *Id*. at 193–94.

Herein, even if the Complaint's only allegation of contacts with the forum—"conducting business in New Jersey" [Compl. ¶ 43] by offering a universally accessible website—is entertained, the claims asserted by Plaintiffs do not "arise out of or relate to" Delvepoint's contacts with New Jersey. As discussed, Plaintiffs' sole claim is that, after allegedly receiving takedown requests, Delvepoint "did not cease the disclosure or re-disclosure on the internet or the otherwise making available of information as required under Daniel's Law." Compl. ¶ 62. However, Delvepoint's offering a universally accessible website in New Jersey did not *cause* the information

available on the servers of the entities with whom Delvepoint contracts to remain on those servers after Delvepoint's receipt of a takedown notice. Further, any negligent failure to remove the information located on the servers of the entities with whom Delvepoint contracts does not sufficiently "relate to" Delvepoint's offering a universally accessible website because any relation, being "inversely proportional" [*O'Connor*, 496 F.3d at 320] to Delvepoint's forum contacts, would have to be substantial in order to compensate for Delvepoint's dearth of forum contacts, discussed in the previous section. Even in *Hasson*, where the defendant maintained multiple locations in the forum, offering a universally accessible website supported only a "too weak" relation between the claim and the contacts. *Hasson*, 114 F.4th 181, 193. Finally, Delvepoint's conduct giving rise to the claim, if it occurred anywhere, occurred in Florida, where Delvepoint has received the alleged takedown requests [*See* **Exhibit A**] and has acted in response to them. *See Bristol-Meyers Squibb Co. v. Sup. Ct. of Cal., San Francisco Cnty*, 582 U.S. 255, 265 (2017) (rejecting personal jurisdiction under facts where "all the conduct giving rise to the [plaintiffs'] claims occurred elsewhere.").

      **C.**    **The Exercise of Personal Jurisdiction over Delvepoint Would Not Comport with "Principles of Fair Play and Substantial Justice."**

The exercise of specific jurisdiction over Delvepoint would require, in addition to a showing of minimum contacts based on purposeful availment and of claims that arise out of or relate to at least some of these contacts, also a showing that the exercise of such jurisdiction would "'comport[] with traditional notions of fair play and substantial justice.'" *Hasson v. FullStory, Inc.*, 114 F.4th 181, 186 (3d Cir. 2024) (*quoting Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 451 (3d Cir. 2003) (internal quotations omitted)). This showing requires a consideration of a variety of factors including "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief" [*Burger King Corp. v.*

*Rudzewicz*, 471 U.S. 462, 476–77 (1985)], among which the burden on the defendant is the "primary concern." *Bristol-Myers Squibb*, 582 U.S. at 263. But these considerations, must ultimately yield to the requirement of the Due Process Clause [*See Id*. at 263], as "jurisdiction exists only if 'the defendant should reasonably anticipate being haled into court in that forum.'" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 451 (3d Cir. 2003) (*quoting World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980) (internal quotations omitted)).

Herein, the burden on Delvepoint to litigate in New Jersey is substantial given that its corporate headquarters are located in Tallahassee Florida at the opposite end of the eastern coast of the United States. *See* **Exhibit A**. Delvepoint maintains no offices in New Jersey from which to facilitate litigation. *Id*. In *Nahas v. Foxhill Cap. Partners*, the court found that the exercise of personal jurisdiction over a Florida defendant, whose decision to retaliate against a New Jersey whistleblower employee was made in Florida, would not "comport with fair play and substantial justice." No. 21-cv-7740, 2023 WL 8253047, at *6 (D.N.J. Nov. 29, 2023). As in *Nahas*, Delvepoint's conduct, here the alleged failure to remove the information from the internet, occurred, if anywhere, not in New Jersey but in Florida. Thus, Delvepoint should not be deemed to have reasonably anticipated being haled into court in New Jersey.Finally, the Supreme court has found that "quality and nature" of the defendant's conduct may "sometimes be so 'random,' 'fortuitous,' or 'attenuated' that it cannot fairly be said that the potential defendant 'should reasonably anticipate being haled into court' in another jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 486, 105 S. Ct. 2174, 2189, 85 L. Ed. 2d 528 (1985). Delvepoint's offering a universally accessible website should be deemed "attenuated" from any claim under a New Jersey statute such that Delvepoint could not reasonably anticipate the New Jersey litigation.

      **II.**      **The Court Should Deny Jurisdictional Discovery as the Complaint Fails to Allege Even the Possible Existence of the Requisite Contacts.**

In order to be entitled to jurisdictional discovery, a plaintiff must "present[] factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state.'" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (*quoting Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino,* 960 F.2d 1217, 1223 (3d Cir.1992)). Plaintiffs' complaint fails to meet this threshold showing. In *Toys "R" Us, Inc. v. Step Two, S.A.*, the court concluded that personal jurisdiction was lacking where the defendant merely offered a universally accessible website, but permitted jurisdictional discovery on the basis that the trial court exhibited an "unwavering focus on the Web site [which] precluded consideration of other internet and non-internet contacts—indicated in various parts of the record—which, if explored, might provide the 'something more' needed to bring [the defendant] within [the court's] jurisdiction." 318 F.3d 446, 456 (3d Cir. 2003). However, in *Toys*, "other internet and non-internet contacts" were alleged including the purchase of merchandise held by the defendant and the visitation of the forum by a representative of the defendant. *Id*. at 457. Herein, the Complaint does not allege *any* other internet or non-internet contacts. To the extent that the complaint alleges that Delvepoint "conducts business in New Jersey" [Compl. ¶ 43.], this allegation does not rise to the level of residents of the forum purchasing merchandise that Delvepoint holds, as Delvepoint holds none of the information it resells on its own servers but merely connects users to the servers of the entities with whom in contracts. *See* **Exhibit A**. Thus, as Plaintiffs' Complaint fails to demonstrate the possible existence of the requisite contacts between the party and the forum state and as there are no other internet or non-internet contacts to be considered, the Court should deny jurisdictional discovery.

## CONCLUSION

For reasons stated above, Delvepoint submits that the Consolidated Motion to Dismiss under Fed. R. Civ. P. 12(b)(2) should be granted and the Complaint dismissed.

>WADE CLARK MULCAHY LLP
>*/s/ Robert J. Cosgrove*
>
>_____
>By: Robert J. Cosgrove, Esq.
>Attorneys for Defendant Delvepoint, LLC
>955 South Springfield Avenue, Suite 100
>Springfield, NJ 07081
>267.665.0743
>WCM No.: 827.16116