# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *et al.*, | |
| Plaintiffs, | |
| v. | Case No. 1:24-cv-04949 |
| BELLES CAMP COMMUNICATIONS, INC., *et al.,* | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *et al.*, | |
| Plaintiffs, | |
| v. | Case No. 1:24-cv-04096 |
| DELVEPOINT, LLC, *et al.*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *et al.*, | |
| Plaintiffs, | |
| v. | Case No. 1:24-cv-04261 |
| EQUIMINE, INC., *et al.*, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *et al.,*<br><br>                Plaintiffs,<br><br>v.<br><br>FIRST DIRECT, INC., *et al.,*<br><br>                Defendants. | Case No. 1:25-cv-01480 |
| ATLAS DATA PRIVACY CORPORATION, *et al.,*<br><br>                Plaintiffs,<br><br>v.<br><br>GOHUNT, LLC, GOHUNT MANAGEMENT HOLDINGS, LLC, *et al.,*<br><br>                Defendants. | Case No. 1:24-cv-04380 |
| ATLAS DATA PRIVACY CORPORATION, *et al.,*<br><br>                Plaintiffs,<br><br>v.<br><br>INFOMATICS, LLC, *et al.,*<br><br>                Defendants. | Case No. 1:24-cv-04041 |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> INNOVATIVE WEB SOLUTIONS, LLC, *et al.*, <br><br> Defendants. | Case No. 1:25-cv-01535 |
| ATLAS DATA PRIVACY CORPORATION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> LIGHTHOUSE LIST COMPANY, LLC, *et al.*, <br><br> Defendants. | Case No. 1:24-cv-11443 |
| ATLAS DATA PRIVACY CORPORATION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MELISSA DATA CORPORATION, *et al.*, <br><br> Defendants. | Case No. 1:24-cv-04292 |

| | |
|---|---|
| ATLAS DATA PRIVACY<br>CORPORATION, *et al.*,<br><br>        Plaintiffs,<br><br>v.<br><br>NUWBER, INC., *et al.,*<br><br>        Defendants. | Case No. 1:24-cv-04609 |
| ATLAS DATA PRIVACY<br>CORPORATION, *et al.*,<br><br>        Plaintiffs,<br><br>v.<br><br>PEOPLEWHIZ, INC., *et al.*,<br><br>        Defendants. | Case No. 1:25-cv-00237 |
| ATLAS DATA PRIVACY<br>CORPORATION, *et al.*,<br><br>        Plaintiffs,<br><br>v.<br><br>THE PEOPLE SEARCHERS, LLC, *et al.*,<br><br>        Defendants. | Case No. 1:24-cv-04045 |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *et al.*, | |
| Plaintiffs, | |
| v. | Case No. 1:24-cv-04037 |
| WE INFORM, LLC, *et al.*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *et al.*, | |
| Plaintiffs, | |
| v. | Case No. 1:24-cv-04098 |
| QUANTARIUM ALLIANCE, LLC, *et al.*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *et al.*, | |
| Plaintiffs, | |
| v. | Case No. 1:24-cv-11023 |
| SPY DIALER, INC., *et al.*, | |
| Defendants. | |

ATLAS DATA PRIVACY
CORPORATION, *et al.*

                 Plaintiffs,

v.

GREENFLIGHT VENTURE
CORPORATION, *et al.*,

                 Defendants.

Case No. 1:25-cv-01517

---

## PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL PERSONAL JURISDICTION DISCOVERY

---

*Attorneys for Plaintiffs*

**PEM LAW LLP**
Rajiv D. Parikh
Kathleen Barnett Einhorn
Jessica A. Merejo
One Boland Drive, Suite 101
West Orange, New Jersey 07052
Telephone (973) 577-5500
Email: rparikh@pemlawfirm.com
 keinhorn@pemlawfirm.com
 jmerejo@pemlawfirm.com

**BOIES SCHILLER FLEXNER LLP**
Adam Shaw (admitted *pro hac vice*)
30 South Pearl Street, 12th Floor
Albany, New York 12207
Telephone: (518) 434-0600
Email: ashaw@bsfllp.com

Mark C. Mao (admitted *pro hac vice*)
Julia Bront (admitted *pro hac vice*)
44 Montgomery Street, 41st Floor
San Francisco, California 94104
Telephone: (415) 293-6800
Email: mmao@bsfllp.com
jbront@bsfllp.com

**BIRD MARELLA RHOW LINCENBERG DROOKS NESSIM LLP**
Ekwan E. Rhow (admitted *pro hac vice*)
Elliot C. Harvey Schatmeier (admitted *pro hac vice*)
Bill L. Clawges (admitted *pro hac vice*)
1875 Century Park East, 23rd Fl
Los Angeles, California 90067
Telephone: (310) 201-2100
Email: erhow@birdmarella.com
ehs@birdmarella.com
bclawges@birdmarella.com

James Lee (admitted *pro hac vice*)
100 SE Second Street, Suite 2800 Miami, Florida 33131
Telephone: (305) 357-8434
Email: jlee@bsfllp.com

Eric Palmer (admitted *pro hac vice)*
401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Email: epalmer@bsfllp.com

**MORGAN & MORGAN, P.A.**
Ryan J. McGee (admitted *pro hac vice*)
John A. Yanchunis (admitted *pro hac vice*)
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Email: rmcgee@forthepeople.com
jyanchunis@forthepeople.com

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ...................................................................................ii

INTRODUCTION...............................................................................................1

ARGUMENT ...................................................................................................1

I.      DEFENDANTS DO NOTHING TO UNDERMINE PLAINTIFFS'
        THEORIES OF PERSONAL JURISDICTION..............................................1

        A.   Defendants Have No Viable Response to Plaintiffs' Effects Test
             Theory .................................................................................................1

        B.   Defendants Fail to Show That Plaintiffs Lack a Viable Theory
             Under the Traditional Test.....................................................................10

II.     DEFENDANTS' RESPONSES TO THE INTERROGATORIES AND
        REQUESTS FOR PRODUCTION Are INSUFFICIENT ...........................11

CONCLUSION ...............................................................................................15

1

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*AMA Multimedia, LLC v. Wanat*,
    970 F.3d 1201 (9th Cir. 2020) ............................................................9

*Atlas Data Privacy Corp. v. We Inform, LLC*,
    2025 WL 1787566 (D.N.J. June 27, 2025)..........................................4, 7, 8, 10

*Atlas Data Privacy Corp. v. We Inform, LLC*,
    758 F.Supp.3d 322 (D.N.J. 2024)........................................................4, 5

*Bove v. AkPharma, Inc.*,
    213 A.3d 948 (N.J. App. Div. 2019)....................................................2

*Budget Blinds, Inc. v. White*,
    536 F.3d 244 (3d Cir. 2008) ..............................................................8

*Calder v. Jones*,
    465 U.S. 783 (1984) ..............................................................1, 3, 7, 11

*Christie v. National Institute for Newman Studies*,
    258 F.Supp.3d 494 (D.N.J. 2017)........................................................9

*Click Go and Buy Inc. v. IT Assets, Inc.*,
    2024 WL 5252474 (D.N.J. Dec. 31, 2024) ...........................................8

*Counterman v. Colorado*,
    600 U.S. 66 (2023) ............................................................................3

*Cox Broadcasting Corp. v. Cohn*,
    200 S.E.2d 127 (Ga. 1973) ................................................................5

*Dalal v. Clearview AI, Inc.*,
    2025 WL 1726259 (D.N.J. May 1, 2025)..............................................8

*Doe v. Celebrity Cruises, Inc.*,
    394 F.3d 891 (11th Cir. 2004) ...........................................................3

*Dun & Bradstreet, Inc.*,
    472 U.S. 749 (1985) .........................................................................3

2

*Ford Motor Co. v. Montana Eighth Judicial Dist. Ct.*,
   592 U.S. 351 (2021) ....................................................................................... 11, 14

*Gertz v. Robert Welch, Inc.*,
   418 U.S. 323 (1974) ................................................................................................ 3

*Goldhaber v. Kohlenberg*,
   928 A.2d 948 (N.J. App. 2007) ............................................................................. 9

*Greg Young Publ'g, Inc. v. Harmony Yacht Vacations, LLC*,
   2016 WL 3683330 (C.D. Cal. Jul. 11, 2016) ........................................................ 9

*Hasson v. FullStory, Inc.*,
   114 F.4th 181 (3d Cir. 2024) ........................................................................ passim

*Hepp v. Facebook*,
   14 F.4th 204 (3d Cir. 2021) ................................................................................. 10

*Horne v. Adolph Coors Co.*,
   684 F.2d 255 (3d Cir. 1982) .................................................................................. 9

*IDT Domestic Telecom, Inc. v. Crumpler*,
   2023 WL 1360404 (D.N.J. Jan. 31, 2023) ........................................................... 11

*Ingrao v. AddShoppers, Inc.*,
   2024 WL 4892514 (E.D. Pa. Nov. 25, 2024) ....................................................... 8

*Kass v. PayPal Inc.*,
   75 F.4th 694 (7th Cir. 2023) ............................................................................... 10

*Keeton v. Hustler Magazine, Inc.*,
   465 U.S. 770 (1984) ...................................................................................... 11, 13

*Marten v. Godwin*,
   499 F.3d 290 (3d Cir. 2007) ............................................................................... 13

*Montagino v. Canale*,
   792 F.2d 554 (5th Cir. 1985) ................................................................................ 6

*Nessim v. DeLoache*,
   384 So.2d 1341 (Fla. 3d DCA 1980)...................................................................... 7

3

*Pendergrass v. ChoicePoint, Inc.*,
    2008 WL 5188782 (E.D. Pa. Dec. 10, 2008) ......................................................6

*Rasmussen v. Saliba*,
    2018 WL 11362716 (S.D.N.Y. Jan. 24, 2018)...................................................3

*Reetz v. Advocate Aurora Health, Inc.*,
    983 N.W. 2d 669 (Wis. App. 2022) ......................................................5

*Romaine v. Kallinger*,
    537 A. 2d 284 (N.J. 1988) ......................................................5

*Tacket v. General Motors Corp.*,
    836 F.2d 1042 (7th Cir. 1987) ......................................................7

*Taub v. McClatchy Newspapers, Inc.*,
    504 F.Supp.2d 74 (D.S.C. 2007) ......................................................6

*Vonbergen v. Liberty Mutual Ins. Co.*,
    705 F.Supp.3d 440 (E.D. Pa. 2023) ......................................................9

*Walden v. Fiore*,
    571 U.S. 277 (2014) ......................................................11

*Will Co., Ltd. v. Lee*,
    47 F.4th 917 (9th Cir. 2022) ......................................................3

**Statutes**

N.J.S.A. 56:8-166:1(d)(3)......................................................6

**Other Authorities**

77 C.J.S. Right of Privacy and Publicity § 32......................................................9

*Intentional Tort*,
    Black's Law Dictionary (12th ed. 2024) ......................................................7

Restatement (Second) of Conflict of Laws § 153 ......................................................15

Restatement (Second) of Torts § 577(2)......................................................11

Restatement (Second) of Torts § 8 ......................................................7

## **INTRODUCTION**

True to form, Defendants have responded to Plaintiffs' thirty-seven page Motion to Compel Discovery with hundreds of pages of responsive briefing. But in those many pages, Defendants fail to offer a meaningful argument against Plaintiffs' theories of personal jurisdiction or their discovery requests. As Plaintiffs explained, each Complaint alleges jurisdiction under the effects test of *Calder v. Jones*, 465 U.S. 783 (1984), by asserting that the Defendant committed intentional torts aimed at New Jersey residents with knowledge that the brunt of the harm would be felt in New Jersey. And if the torts alleged in the Complaints do not independently support jurisdiction under the effects test, Plaintiffs have alleged additional contacts that, taken together with those torts, support jurisdiction under the traditional test. Thus, the Court should grant Plaintiffs' Motion and order Defendants to supplement their answers to Plaintiffs' Interrogatories and RFPs accordingly.

## **ARGUMENT**

### I. **DEFENDANTS DO NOTHING TO UNDERMINE PLAINTIFFS' THEORIES OF PERSONAL JURISDICTION**

#### A. Defendants Have No Viable Response to Plaintiffs' Effects Test Theory

Jurisdiction exists under the effects test if "(1) the defendant committed an intentional tort; (2) the plaintiff felt the brunt of the harm in the forum; and (3) the defendant expressly aimed his tortious conduct at the forum." *Hasson v. FullStory,*

*Inc.*, 114 F.4th 181, 187 (3d Cir. 2024).[1] As detailed in the Motion, each Complaint states a prima facie case under this test by alleging that each Defendant intentionally disclosed or made available the protected information of a covered person with knowledge that disclosure would violate that covered person's rights under New Jersey law and expose them to threats, violence, and harassment in New Jersey. Defendants' challenges to this theory uniformly fail.

### 1. Defendants Are Wrong: Daniel's Law Creates An Intentional Tort

As Plaintiffs explained in both the Motion and their Supplemental Brief, Daniel's Law creates an intentional tort because it "requires an intentional act of disclosure, though liability may be imposed for such a disclosure only if the defendant was negligent in reviewing and responding to received nondisclosure requests." CA No. 24-04105-HB, Doc. 67 at 4 n. 2. As long as an element of liability requires intent, the tort is intentional, even if the *mens rea* or fault standard applicable to other elements does not require intent: "For example, a battery claim may be asserted based on 'any nonconsensual touching' and does not require intent to injure." *Bove v. AkPharma, Inc.*, 213 A.3d 948, 960 (N.J. App. Div. 2019). Defendants' arguments to the contrary are meritless.

---

[1] Unless stated otherwise, citations to "Compl." refers to the Complaint filed in *Atlas Data Privacy Corp., et al. v. GoHunt, LLC, et al.*, No. 24-cv-04380-HB, Doc. 1. In case citations, all internal quotation marks and citations are omitted and emphases added unless otherwise indicated.

First, Defendants claim that Daniel's Law does not create an intentional tort because it does not require proof that the defendant "desires to cause the consequences of his act" or "believes" they "are substantially certain to result from it." Doc. 72 at 5 (quoting Restatement (Second) of Torts § 8). But by definition, "an intentional tort is [a] tort committed by someone acting with general or specific intent." *Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 917 (11th Cir. 2004); *see also Intentional Tort*, Black's Law Dictionary (12th ed. 2024) (same). And courts have never restricted the effects test to the subcategory of intentional torts that require specific "intent to accomplish a result or consequence of [an] act." *Will Co., Ltd. v. Lee*, 47 F.4th 917, 923 (9th Cir. 2022); *Rasmussen v. Saliba*, 2018 WL 11362716, at *4 n.1 (S.D.N.Y. Jan. 24, 2018) (same).

Indeed, if Defendants were right that the effects test requires specific intent, *Calder* itself was wrongly decided insofar as it predicated jurisdiction on a defamation claim. Defamation requires an intentional act of publication, but it does not require specific intent to engage in ***false or defamatory*** speech—negligent or "reckless disregard of whether it was false or not" can suffice. *Counterman v. Colorado*, 600 U.S. 66, 76 (2023); *Dun & Bradstreet, Inc.*, 472 U.S. 749, 763 (1985) (holding "actual malice" is not required "when the defamatory statements do not involve matters of public concern."); *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 347 (1974) ("[S]o long as they do not impose liability without fault, the States may define

for themselves the appropriate standard of liability for…defamatory falsehood injurious to a private individual."). And because defamation claims are the paradigm case for jurisdiction under the effects test, at minimum, Daniel's Law claims qualify as intentional torts when premised on allegations that "defendants disregarded the law willfully or recklessly," as they are here. *Atlas Data Privacy Corp. v. We Inform, LLC*, 2025 WL 1787566, at *5 (D.N.J. June 27, 2025) (holding that the allegations of the Complaints are "sufficient to allege recklessness").

Second, Defendants claim this Court somehow already held that Daniel's Law does not create an intentional tort in ruling that it adopts a negligence standard of fault, but Defendants misunderstand this Court's decision. Daniel's Law requires proof that a Defendant (i) received a nondisclosure request from a covered person; (ii) disclosed, re-disclosed, or otherwise made available that covered person's information more than ten business days later; and (iii) acted with "willful or reckless disregard of the law" (for punitive damages) or negligent disregard (for actual or liquidated damages). This Court held that element (iii) requires negligent indifference to a covered person's rights to impose actual or liquidated damages, just as it requires "'willful or reckless disregard of the law'" to impose "punitive damages." *Atlas Data Privacy Corp. v. We Inform, LLC*, 758 F.Supp.3d 322, 340-41 (D.N.J. 2024). The Court also ruled that "liability for actual or liquidated damages does not demand a showing of **specific intent** or of willful or reckless conduct." *Id.*

8

at 340. But that conclusion is entirely consistent with the notion that Daniel's Law creates an intentional tort because it requires general intent to disclose or otherwise make available a covered person's information.[2]

Indeed, interpreting Daniel's Law to require **both** an intentional act of disclosure **and** negligent, reckless, or willful disregard of a covered person's rights is in keeping with the Court's conclusion that the statute is "analogous to the common law tort of invasion of privacy of the intimate details of a person's life." *Id.* at 341; *Reetz v. Advocate Aurora Health, Inc.*, 983 N.W. 2d 669, 681 (Wis. App. 2022) ("[P]ublicity of private facts" is "an intentional tort"). "[T]his tort requires proof of 'the unreasonable publication of private facts.'" *We Inform*, 758 F.Supp.3d at 341 (quoting *Romaine v. Kallinger*, 537 A. 2d 284, 291-92 (N.J. 1988)). But the **act** of "disclosure must have been intentional." 77 C.J.S. Right of Privacy and Publicity § 32. Otherwise, the plaintiff need only show the defendant acted with "negligent disregard for the fact that reasonable men would find the invasion highly offensive." *Cox Broadcasting Corp. v. Cohn*, 200 S.E.2d 127, 131 (Ga. 1973).

---

[2] The Court noted that the New Jersey Model Civil Jury Charges "classify the various privacy torts under the rubric 'Intentional Torts'" and said this classification "cannot supersede *Romaine*." *We Inform*, 758 F.Supp.3d at 341 n.9. But the Court was apparently rejecting the view that disclosure of private facts is an intentional tort **in the narrow sense** of requiring **specific intent**. The Court otherwise appeared to agree with Plaintiffs' argument that the statute requires intentional disclosure. *See* Tr. 126:22-25-127:1-14.

Third, Defendants assert that Daniel's Law cannot create an intentional tort because it supposedly imposes liability based on an "omission" or "failure to act in response to a nondisclosure request." Doc. 72 at 5. But Defendants do not dispute that the statute defines "disclose" to cover actions that "inherently involve a knowing act of providing information to a third-party," or that "disclosure by 'making available' has to involve knowing acts of including information in a searchable database and granting a third-party access to that database." CA No. 24-04105-HB, Doc. 67 at 4–5; N.J.S.A. 56:8-166:1(d)(3). Even when a Defendant simply posts information on a website and refuses to comply with a nondisclosure request, the Defendant is still engaged in intentional action because it must choose to **continue** to make that information available and host it on a website. *See, e.g.*, *Taub v. McClatchy Newspapers, Inc.*, 504 F.Supp.2d 74, 79 (D.S.C. 2007) (holding "article continued to be published, as it was accessible through a search of the website").[3]

Finally, even if Defendants were right that Daniel's Law predicates liability on omissions, an "intentional tort" can be based on "an intentional act *or omission*." *Montagino v. Canale*, 792 F.2d 554, 556 (5th Cir. 1985). For example, in defamation

---

[3] Defendants ignore that the statute can also apply when an entity discloses a covered person's information for the first time after receiving a nondisclosure request or re-discloses that information "on separate, distinct occasions," as in cases involving "credit report[s]" distributed to multiple customers or "controlled access" to a "databank" by numerous users. *Pendergrass v. ChoicePoint, Inc.*, 2008 WL 5188782, at *3 to *4 (E.D. Pa. Dec. 10, 2008).

law, "[f]ailing to remove a libel…after notice and opportunity to do so" results in "'liability for its continued publication.'" *Tacket v. General Motors Corp.*, 836 F.2d 1042, 1046 (7th Cir. 1987) (quoting Restatement (Second) of Torts § 577(2)); *see also Nessim v. DeLoache*, 384 So.2d 1341, 1344 (Fla. 3d DCA 1980) ("The classic illustration of fraud is where one party having superior knowledge **intentionally fails to disclose a material fact**."). Thus, Defendants have no credible argument that Daniel's Law does not create an intentional tort for purposes of the effects test.

### 2. Defendants Barely Dispute the Other Elements of the Effects Test

Defendants barely challenge Plaintiffs' prima facie case as to the second and third elements of the effects test. Some Defendants assert that Plaintiffs failed to allege that the brunt of the harm will be suffered in New Jersey. Doc. 80 at 15. But the Complaints allege facts sufficient to infer that covered persons will suffer (i) violations of privacy; (ii) emotional distress and anxiety; and (iii) risks of harassment, threats, and violence. Mot. at 18. And the Court has already held that Plaintiffs alleged facts from which it "can reasonably be inferred" that covered persons suffered "harm." *We Inform*, 2025 WL 1787566, at *6. The same allegations support an inference that the "brunt" of those harms will be felt by a covered person "in the State in which she lives and works"—and is most likely to be targeted for actions in the line of duty. *Calder*, 465 U.S. at 789-90.

11

Defendants claim they did not expressly target New Jersey because they did not disclose covered persons' addresses and phone numbers "specifically *because* they live there." *Dalal v. Clearview AI, Inc.*, 2025 WL 1726259, at *8 (D.N.J. May 1, 2025). But a Defendant who discloses a New Jersey address clearly does so *because* the covered person lives in New Jersey—after all, the purpose of disclosing an address is to inform someone **where someone else lives**. And more importantly, *Hasson* held that express aiming can be shown by allegations that the defendant "***knew*** that it was targeting" the plaintiff in the forum "**before**" committing the tort "**or**" committed the tort "***because*** the [plaintiff] is located" there. 114 F.4th at 191-92.[4] Here, the Court has already ruled that Defendants "received the takedown notices" **before** they re-disclosed or made available covered persons' information. *We Inform*, 2025 WL 1787566, at *5.

These requests provided an "explicit warning" that ensured any further disclosure was "an intentional act aimed at the forum state for jurisdictional purposes." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 263-64 (3d Cir. 2008). And Defendants' disclosures inherently contained "content bearing a particular nexus to that forum." *Hasson*, 114 F.4th at 190; *see also Goldhaber v. Kohlenberg*, 928 A.2d

---

[4] Defendants' cases say nothing to the contrary. *See Click Go and Buy Inc. v. IT Assets, Inc.*, 2024 WL 5252474, at *8 (D.N.J. Dec. 31, 2024); *Ingrao v. AddShoppers, Inc.*, 2024 WL 4892514, at *10 (E.D. Pa. Nov. 25, 2024).

948, 953 (N.J. App. 2007) (defendant targeted New Jersey because he "posted [plaintiffs'] address").

Some Defendants claim that the nondisclosure requests are insufficient because express aiming requires actual knowledge. But precedent holds that "constructive notice" is sufficient for express aiming, *Horne v. Adolph Coors Co.*, 684 F.2d 255, 259-60 (3d Cir. 1982), and that express aiming depends on "whether that defendant **knew**, **or should have known**, its activities would be felt in that forum State." *Christie v. National Institute for Newman Studies*, 258 F.Supp.3d 494, 503 (D.N.J. 2017); *Briskin v. Shopify, Inc.*, 135 F.4th 739, 757 (9th Cir. 2025) (en banc); *Vonbergen v. Liberty Mutual Ins. Co.*, 705 F.Supp.3d 440, 451 (E.D. Pa. 2023); *Greg Young Publ'g, Inc. v. Harmony Yacht Vacations, LLC*, 2016 WL 3683330, at *3 (C.D. Cal. Jul. 11, 2016).[5]

Moreover, even if the effects test ***does*** require actual knowledge (it does not), the Complaints allege facts that support an inference that Defendants actually knew that continuing disclosure would violate the rights of the covered persons who sent

---

[5] Defendants argue that *Briskin* is inconsistent with *Hasson*, but those decisions only potentially disagree on whether express aiming requires some form of "'forum-specific focus.'" *Hasson*, 114 F.4th at 190 (quoting *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1210 (9th Cir. 2020)); *cf. Briskin*, 135 F.4th at 558 (overruling *AMA*). But *Hasson* does not purport to endorse the "differential treatment of the forum state" rejected by *Briskin*, 135 F.4th at 758, apart from requiring prior knowledge of forum-specific effects, "content bearing a particular nexus to that forum" or "a product or service bearing any special significance." *Hasson*, 114 F.4th at 190-91.

them nondisclosure requests. Just as there is a "presumption" that when "mail is sent, it is delivered," *We Inform*, 2025 WL 1787566, at *5, there is also "a presumption" that "emails were received **and read**." *Kass v. PayPal Inc.*, 75 F.4th 694, 702 (7th Cir. 2023). And Plaintiffs' requests "stated that the individuals were 'Covered Person[s],'" "identified the sender's name, address, and/or telephone number," "requested that such information not be disclosed," and cited "relevant provisions of Daniel's Law in the New Jersey Statutes." *We Inform*, 2025 WL 1787566, at *5. The Complaints support an inference that Defendants received and read those requests— and thus actually "*knew* that…[claimants] would suffer the brunt of the harm caused by the tortious conduct *in the forum*." *Hasson*, 114 F.4th at 196.

## B. Defendants Fail to Show That Plaintiffs Lack a Viable Theory Under the Traditional Test

Defendants fail to contest Plaintiffs' theory of jurisdiction under the traditional test, which requires "minimum contacts with the forum state" that "give rise to—or relate to—the plaintiff's claims." *Hepp v. Facebook*, 14 F.4th 204, 207 (3d Cir. 2021). As explained in the Motion, the Complaints allege that each Defendant purposefully collected data on New Jersey residents and commoditized that information. Compl. at ¶¶ 2, 18–21, 29–50, 52–57. At least when taken together with the torts directed at New Jersey alleged in each Complaint, these contacts establish that each Defendant "deliberately 'reached out beyond' its home" and could "reasonably anticipate being haled into court" in New Jersey. *Ford Motor Co. v.*

14

*Montana Eighth Judicial Dist. Ct.*, 592 U.S. 351, 359 (2021) (quoting *Walden v. Fiore*, 571 U.S. 277, 285 (2014)).

Crucially, even if the torts alleged in the Complaints do not independently establish personal jurisdiction under *Calder*, those torts are relevant contacts under the traditional test because they occurred in New Jersey, where the effects of the disclosure are felt. Restatement (Second) of Conflict of Laws § 153 (disclosure of private facts occurs in "the state where the plaintiff was domiciled"); *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 777 (1984) ("injuries that occur within the State" are relevant contacts under the traditional test); *Hasson*, 114 F.4th at 197 (torts that occurred in the forum are relevant contacts); *IDT Domestic Telecom, Inc. v. Crumpler*, 2023 WL 1360404, at *4 (D.N.J. Jan. 31, 2023) (torts were relevant contacts because defendant "knew or should have known" plaintiff "was located in New Jersey" because of plaintiff's "address in Newark, New Jersey"). And because Defendants' contacts revolve around their collection and/or disclosure of New Jersey data concerning New Jersey residents, Plaintiffs claims "arise out of or relate to" each Defendant's contacts with the forum. *Ford*, 592 U.S. at 359.

## II.    DEFENDANTS' RESPONSES TO THE INTERROGATORIES AND REQUESTS FOR PRODUCTION ARE INSUFFICIENT

Because Plaintiffs have pleaded a valid theory of jurisdiction under the effects test, Plaintiffs are entitled to discovery into whether Defendants committed intentional torts in violation of Daniel's Law, whether Defendants "*knew*

15

that…[claimants] would suffer the brunt of the harm caused by the tortious conduct *in the forum*," and whether Defendants' disclosures involved "content bearing a particular nexus to that forum" or utilized "a product or service bearing any special significance" to forum residents. *Hasson*, 114 F.4th at 196 & 190-91. And insofar as Defendants other contacts with New Jersey "relate to" Plaintiffs' claims, such contacts are relevant "under the traditional test." *Id.* at 197. Among other things, this means Plaintiffs are entitled to compel discovery with respect to the following categories of information covered by Plaintiffs' Interrogatories and RFPs.[6]

**Evidence of Defendants' Receipt and Review of Nondisclosure Requests**. Virtually no Defendant has complied with Interrogatories 8, 9, and RFPs 5, 6, 7, 14, and 15, which seek information regarding each Defendants' efforts to review and respond to nondisclosure requests received from covered persons. Such evidence is critical to establish that a Defendant "*knew* that…[claimants] would suffer the brunt of the harm caused by the tortious conduct *in the forum*." *Hasson*, 114 F.4th at 196. And because Defendants argue that constructive knowledge is insufficient for express aiming, it is crucial that Plaintiffs have access to evidence that could show that Defendants read a particular nondisclosure request and thus acted with actual

---

[6] Some Defendants suggest that Plaintiffs failed to make a "good faith effort" to resolve discovery issues, as required by Local Rule 37.1 *See, e.g.*, Doc. 72 at 11. But Plaintiffs have acted in good faith throughout to resolve these issues, will continue to do so, and filed their Motion pursuant to an order from this Court.

knowledge. And because courts "evaluate specific jurisdiction on a claim-by-claim basis," Plaintiffs need access to information that can potentially demonstrate on an individualized basis whether each Defendant both (i) received and (ii) read a nondisclosure request sent by a particular covered person. *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007).

**Evidence of Defendants' Ongoing Acts of Disclosure**. Virtually no Defendant provided a sufficient response to Interrogatory 10 or RFPs 17 and 18, which seek information regarding addresses and phone numbers that Defendants have continued to disclose or otherwise make available after receiving a nondisclosure request from a covered person. But under the effects test, this information is necessary to show that the Defendant (i) "committed an intentional tort" in New Jersey in violation of Daniel's Law, and is plainly relevant to show that a Defendant (ii) "expressly aimed [its] tortious conduct at the forum" by knowingly and continuously disclosing a covered person's address and/or phone number after receiving a nondisclosure request. *Hasson*, 114 F.4th at 187. And under the traditional test, this information is relevant to whether Defendants are committing torts in New Jersey that qualify as relevant contacts with the forum. *See Keeton*, 465 U.S. at 777; *Hasson*, 114 F.4th at 197. And although Defendants complain that RFP 17 is irrelevant to the jurisdictional issues at stake, they never explain why documents reflecting preservation would not be highly relevant to showing an

17

adverse or spoliation inference against a Defendants' personal-jurisdiction defense if that Defendant failed to maintain adequate records of its acts of disclosure.

**Evidence of Defendants' Compliance Efforts**. As detailed in Plaintiffs' Motion, many Defendants have failed to comply with Interrogatory 7 and/or RFPs 4, 10, 11, 12, 13, 16, and 21, which seek information about Defendants' efforts to comply with Daniel's Law and other New Jersey privacy statutes. Under the effects test, such evidence is plainly relevant to whether the Defendant "*knew* that…[claimants] would suffer the brunt of the harm caused by the tortious conduct *in the forum*" when it disclosed or otherwise made available a covered person's address or phone number after receiving a nondisclosure request. *Hasson*, 114 F.4th at 196. And under the traditional test, compliance efforts specifically geared toward New Jersey strongly suggest that the Defendant "'systematically served a market in [New Jersey] for the very [information] that the plaintiffs allege[]…injured them in'" the forum. *Id.* at 193 (quoting *Ford Motor*, 592 U.S. at 365).

**Evidence Concerning Defendants' Products and Services and Other New Jersey Connections**. Interrogatories 1 and 3 and RFPs 1.a, 2, 9, and 19 seek information regarding each Defendant's products and services that disclose information subject to Daniel's Law. Such information is plainly relevant to personal jurisdiction because Defendants' tortious disclosures of covered persons' New Jersey addresses and phone numbers in themselves constitute a relevant contact for

18

purposes of both the effects test and the traditional test. Interrogatories 1, 2, 4, 5, and 6 and RFPs 1.b-d, 2, 3, 8, 20, and 22 seek information regarding use of a Defendant's product or service by New Jersey customers, how Defendants obtained New Jersey data, and Defendants' marketing. This information is plainly relevant to whether each Defendant (i) "purposefully availed itself of the [New Jersey] market" by "conduct[ing] business with [forum] residents" and (ii) "'knows—either actually or constructively' about its customer base there and 'exploits that base for commercial gain." *Briskin*, 135 F.4th at 757 (quoting *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1230 (9th Cir. 2011)). Thus, the Court should direct Defendants to supplement their answers to these Interrogatories and RFPs to rectify the issues identified in Plaintiffs' Motion.

## <u>CONCLUSION</u>

Plaintiffs respectfully request the Court order Defendants to supplement their responses to interrogatories and requests for production to cure the deficiencies identified in Plaintiffs' Motion.

Respectfully submitted,

Dated: July 22, 2025

**PEM LAW LLP**

By: /s/ *Rajiv D. Parikh*
    Rajiv D. Parikh

    Rajiv D. Parikh

**BOIES SCHILLER FLEXNER LLP**

/s/ *Eric M. Palmer*
Eric M. Palmer

Eric M. Palmer (admitted *pro hac vice*)

19

Kathleen Barnett Einhorn
Jessica A. Merejo
1 Boland Dr., Suite 101
West Orange, New Jersey 07052
Telephone: (973) 557-5700
Email: rparikh@pemlawfirm.com
        keinhorn@pemlawfirm.com
        jmerejo@pemlawfirm.com

**BIRD MARELLA RHOW
LINCENBERG DROOKS NESSIM
LLP**
Ekwan E. Rhow (admitted *pro hac vice*)
Elliot C. Harvey Schatmeier (admitted
*pro hac vice*)
Bill L. Clawges (admitted *pro hac vice*)
1875 Century Park East, 23rd Fl
Los Angeles, California 90067
Telephone: (310) 201-2100
Email: erhow@birdmarella.com
ehs@birdmarella.com
bclawges@birdmarella.com

401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Email: epalmer@bsfllp.com

Adam Shaw (admitted *pro hac vice*)
30 South Pearl Street, 12th Floor
Albany, New York 12207
Telephone: (518) 434-0600
Email: ashaw@bsfllp.com

Mark C. Mao (admitted *pro hac vice*)
Julia Bront (admitted *pro hac vice*)
44 Montgomery Street, 41st Floor
San Francisco, California 94104
Telephone: (415) 293-6800

James Lee (admitted *pro hac vice*)
100 SE Second Street, Suite
2800 Miami, Florida 33131
Telephone: (305) 357-8434
Email: jlee@bsfllp.com

**MORGAN & MORGAN COMPLEX
LITIGATION GROUP**
Ryan J. McGee (admitted *pro hac vice*)
John A. Yanchunis (admitted *pro hac vice*)
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Email: rmcgee@forthepeople.com
        jyanchunis@forthepeople.com

*Attorneys for Plaintiffs*

20

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of July, 2025, I electronically filed a true and complete copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing.

/s/ *Jessica A. Merejo*
JESSICA A. MEREJO